UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **STEVEN DARRYL STUCKEY,** <br> **TDCJ No. 02286172,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL NO. SA-22-CA-0277-JKP |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Steven Darryl Stuckey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 6) thereto. In the § 2254 petition, Petitioner challenges the constitutionality of his 2019 state court conviction for possession of a controlled substance, arguing that he was denied the right to effective assistance of counsel at trial.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

The facts of Petitioner's case were accurately summarized by the Thirteenth Court of Appeals of Texas on direct appeal:

> In August 2017, two police officers with the New Braunfels Police Department witnessed a vehicle driving on the highway with an expired registration and unconfirmed insurance. [Petitioner] was the driver of the vehicle.

> The officers pulled over the vehicle and noticed a broken meth pipe on the floor. As they began a pat search, [Petitioner] informed the officers that he had marijuana in his front right pocket. The officers retrieved the marijuana but also discovered 2.05 grams of methamphetamine with the marijuana. [Petitioner] was charged with possession of the methamphetamine.

*Stuckey v. State*, No. 13-19-00529-CR, 2021 WL 1045803, at *1 (Tex. App.—Corpus Christi-Edinburg Mar. 18, 2021, pet. ref'd); (ECF No. 7-14). After hearing all the evidence, a Comal County jury convicted Petitioner of possession of a controlled substance in an amount between one and four grams.[1] *State v. Stuckey*, No. CR2017-822 (207th Dist. Ct., Comal Cnty., Tex. Sept. 24, 2019); (ECF No. 8 at 93-94). Following a separate punishment hearing, the trial court found the enhancement allegations to be true and sentenced Petitioner to thirty years of imprisonment. *Id*.

The Thirteenth Court of Appeals of Texas affirmed Petitioner's conviction and sentence in an unpublished opinion on direct appeal. *Stuckey*, 2021 WL 1045803; (ECF No. 7-14). The Texas Court of Criminal Appeals then refused his petition for discretionary review. *Stuckey v. State*, No. 0259-21 (Tex. Crim. App. June 9, 2021); (ECF No. 7-18). Thereafter, Petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief. *Ex parte Stuckey*, No. 93,520-01 (Tex. Crim. App.); (ECF No. 8 at 6-24). Based, in part, on the findings of the state habeas trial court, the Texas Court of Criminal Appeals eventually denied the application without written order. (ECF No. 7-27).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on March 10, 2022. (ECF No. 1). In the petition, Petitioner raises two allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings:

---

[1] The punishment range for this offense—a third-degree felony—is normally between two and ten years of imprisonment. *See* Tex. Penal Code § 12.34(a). However, the indictment in this case included five enhancement paragraphs which, if found true, would increase the punishment range to a minimum of twenty-five years of imprisonment and a maximum of ninety-nine years or life imprisonment. (ECF No. 8 at 91-92); *see also* Tex. Penal Code § 12.42(d).

2

(1) his trial counsel rendered ineffective assistance by failing to file any pretrial motions or adopt the pretrial motions Petitioner filed *pro se*, and (2) trial counsel was ineffective for failing to investigate the validity of each of the five prior convictions used to enhance his conviction to a first-degree felony.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous.  *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself.  *Richter*, 562 U.S. at 102.  Instead, a petitioner must show that the decision was

objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. <u>Merits Analysis</u>

Petitioner claims he was denied the right to effective assistance of trial counsel at both the guilt/innocence phase and punishment phase of his trial. Specifically, Petitioner claims that counsel: (1) failed to file any pretrial motions or adopt the motions Petitioner eventually filed himself, and (2) failed to investigate the validity of the prior convictions used by the State to enhance his conviction to a first-degree felony. Petitioner raised both allegations during his state habeas proceedings, which were rejected by the Texas Court of Criminal Appeals. As discussed below, Petitioner fails to demonstrate the state court's rejection of these allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

#### A.     The *Strickland* Standard

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was

deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in

this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

**B.      Pretrial Motions (Claim 1)**

Petitioner first contends that he received ineffective assistance prior to his trial for possession of a controlled substance. According to Petitioner, his trial counsel failed to (1) file any pretrial motions, or (2) adopt the *pro se* motions filed by Petitioner. However, Petitioner does not identify *what* motions should have been filed or adopted, much less explain how the results of his trial would have been different had the motions been filed.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same).

Here, Petitioner's allegation is conclusory, speculative, and unsupported by any evidence or facts. But "absent evidence in the record," this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011). For this reason alone, Petitioner's claim could be denied. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

Nevertheless, the record demonstrates that Petitioner's IATC allegation is meritless. While Petitioner filed several *pro se* motions with the trial court prior to his trial (ECF No. 7-28

at 2), there is no evidence that any of the motions would have succeeded had counsel filed the motions, much less that the results of his trial would have been different. For instance, several of Petitioner's motions referenced the enhancement paragraphs contained in the State's indictment which, if found true, would elevate the charged offense to a first-degree felony. (ECF Nos. 7-28 at 14-20, 7-30 at 26, and 7-31 at 1-7). Among other things, Petitioner complained that the prior convictions referenced in the enhancement paragraphs were too remote to be relevant.[2] However, Texas courts do not recognize "remoteness" as a factor under statutes such as Tex. Pen. Code § 12.42(d). *See Hall v. Scott*, 32 F.3d 566, *4 (5th Cir. 1994) (unpublished) (holding that "[t]he law is well settled in Texas that the remoteness of the prior felony convictions does not affect their admissibility for purposes of enhancement") (citing *Joles v. State*, 563 S.W.2d 619, 621-22 (Tex. Crim. App. 1978)); *see also Wesley v. State*, 198 S.W.2d 103, 105 (Tex. Crim. App. 1946) (finding no authority supporting the application of remoteness as a factor to habitual-offender enhancements). Thus, it would have been futile for counsel to adopt such a motion. *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections).

Similarly, Petitioner complained in two motions that he was not present for a docket call or a pretrial conference. (ECF No. 7-29 at 7-11, 17). Because Petitioner waived his right to an arraignment, however, there were no substantive proceedings for him to attend prior to the beginning of his trial in May 2019. (ECF No. 7-28 at 13). As such, any motion made by counsel on such grounds would also have been futile. *Koch*, 907 F.2d at 527 (finding "counsel is not required to make futile motions or objections.").

---

[2] Petitioner also requested that the prior convictions not be introduced at the guilt/innocence phase of his trial. But the record does not indicate that the State ever intended to introduce these convictions at guilt/innocence, and indeed, they were not. *See generally* ECF No. 7-3.

Finally, Petitioner faults trial counsel for not adopting his various motions to quash the indictment. (ECF No. 7-30 at 17-21). According to Petitioner, the indictment was vague, indefinite, and failed to properly notify him of the charges against him. But under Texas law, an indictment that tracks the language of the statute will satisfy constitutional and statutory requirements. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (citations omitted). Here, Petitioner was charged with "intentionally or knowingly possess[ing] a controlled substance . . . having an aggregate weight . . . of one gram or more but less than four grams." (ECF No. 8 at 91-92). This language is almost identical to the language found in Sections 481.115(a) and (c) of the Texas Controlled Substances Act. Thus, counsel cannot be found ineffective for failing to file what would have been a frivolous attack on the indictment. *See Miller*, 714 F.3d at 904 n.6 (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance").

In sum, Petitioner has not shown counsel's performance was deficient or prejudicial, or that the state court's denial of this claim was an unreasonable application of *Strickland*. Consequently, given the deference afforded to state court determinations, relief is denied.

C.  **Petitioner's Prior Convictions** (Claim 2)

In his second IATC allegation, Petitioner contends that trial counsel rendered ineffective assistance by failing to investigate the validity of the prior California convictions used by the State to enhance his conviction to a first-degree felony. In a single sentence, Petitioner asserts that counsel should have investigated whether the prior out-of-state convictions were final or "substantially similar" to the elements of instant offense. Petitioner's bald assertion fails to demonstrate that federal habeas corpus relief is warranted.

To start, a petitioner alleging that an investigation is deficient must show what the investigation would have uncovered and how the petitioner's defense would have benefited from this information. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Here, Petitioner makes no attempt to identify either. As a result, his conclusory allegation does not state a valid claim for relief and is subject to summary dismissal. *Demik*, 489 F.3d at 646 ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.").

Moreover, this Court has independently reviewed the record of these proceedings and finds that counsel's failure to object to the enhancements was neither deficient nor prejudicial to Petitioner's defense. While Petitioner contends counsel should have looked into whether the California convictions were "substantially similar" to the charged offense, such a requirement is inapplicable in Petitioner's case. *See Cook v. State*, 256 S.W.3d 846, 851 (Tex. App.—Texarkana 2008, no pet.) (finding the "substantially similar" requirement is not applicable to enhancements under Section 12.42(d) of the Texas Penal Code). Rather, it only applies to habitual sex offenders whose sentence was enhanced under Section 12.42(c)(2)(B)(v). *Ex parte White*, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007) (finding elements of an out-of-state conviction "substantially similar" to elements listed under Section 12.42(c)(2)(B)).

Petitioner's claim that counsel failed to verify the finality of the California convictions is similarly unpersuasive. Petitioner is correct that, under Texas law, only convictions that are "final" can be used for enhancement purposes. *Ex parte Pue*, 552 S.W.3d 226, 230 (Tex. Crim. App. 2018). But finality of a conviction can be established by the imposition of a sentence or the revocation of parole. *Id*. In this case, the record indicates the State introduced strong evidence demonstrating the finality of Petitioner's California convictions at the punishment phase,

including judgments of each of the enhancement convictions alleged in the indictment.[3] (ECF No. 7-4 at 20-27, 32-34).  Petitioner also testified that he had been imprisoned in California on two separate occasions and admitted committing each of the offenses alleged in enhancement paragraphs.  (ECF No. 7-5 at 52-55, 7-6 at 5-9).  Because there was more than enough evidence demonstrating that Petitioner was a habitual offender, counsel's performance cannot be considered deficient or prejudicial for failing to further investigate or object to the validity of enhancements. *See Miller*, 714 F.3d at 904 n.6 (counsel is not required to make futile motions or objections); *Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005) (counsel not ineffective for failing to lodge what would likely have been a futile objection).

Petitioner has provided no argument or evidence rebutting the validity of his California convictions, much less demonstrated that the state court's ruling on trial counsel's performance "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.  Thus, given the deference that must be afforded to the state court's ruling, relief is denied.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing Section 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This

---

[3] The five prior felonies from California included: assault with a deadly weapon, receiving stolen property, robbery, and two separate convictions for unlawful taking of a vehicle.

requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial, appellate, and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.  Federal habeas corpus relief is **DENIED** and Petitioner Steven Darryl Stuckey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.  No Certificate of Appealability shall issue in this case; and

3.  All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED this the 2nd day of February, 2024.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**